HAGEDORN, J.
*754 ¶1 Dylan D. Radder was arrested for operating a motor vehicle while intoxicated (OWI), and he appeals from an order denying his amended pretrial motion to suppress. The circuit court concluded that the motion was not sufficiently particular and denied the motion without a hearing. The issue before us is whether the circuit court erred by not conducting an evidentiary hearing on the motion. Radder's chief argument is that the pretrial pleading standards established in State v. Velez[1] are inapplicable, or at least significantly lower, on a motion to suppress evidence because the State bears the burden to show that warrantless searches and seizures are reasonable. We disagree. Velez sets forth the proper *755 standards to determine whether a pretrial motion requires an evidentiary hearing, and Radder's motion fails to satisfy these standards. Accordingly, we affirm.
BACKGROUND
¶2 On May 12, 2016, Radder was pulled over by Officer Mark Meyers of the New Holstein Police Department. According to the criminal complaint, Meyers informed Radder that he stopped Radder's vehicle *184 due to expired registration. Smelling "a strong odor of intoxicants," Meyers noticed a case of beer on the floor behind the driver's seat, and two bottles from the case appeared to be open. At some point during the stop, Meyers performed a "Department of Transportation query" and discovered that Radder had been previously arrested for OWI.
¶3 Meyers asked Radder to exit his vehicle to administer the Standardized Field Sobriety tests-the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg-stand test. After Radder had exited the vehicle, Meyers questioned Radder about the beer. Radder responded "that he makes his own beer and that he did not consume the beer today." After observing "a total of six clues" of impairment during the HGN test, Radder was asked how much he had to drink, to which he responded he "had two Jack and Coke[s] and one shot." Meyers continued with the other two field sobriety tests and observed multiple "clues" of impairment. Then Meyers asked Radder to submit to a preliminary breath test (PBT) and again asked if Radder had been drinking. Radder admitted to stopping at a friend's birthday party after work and reiterated that he had consumed two "Jack and Coke[s] and a mystery shot." The PBT result showed a 0.082% blood-alcohol concentration (BAC), above *756 the prescribed limit of 0.08%. See WIS. STAT. § 340.01(46m)(a) (2015-16).[2]
¶4 Based on this information, Meyers arrested Radder for OWI. Radder's blood was drawn (within three hours) at Calumet Medical Center and showed a BAC of 0.084%, consistent with the PBT. Radder was charged with OWI and operating with a prohibited alcohol concentration.
¶5 Radder then moved to suppress all evidence "derived from [an] unlawful stop, detention, and arrest" and requested an evidentiary hearing. The motion specifically averred that Meyers lacked reasonable suspicion to stop Radder's vehicle in the first instance and had no authority to detain him thereafter without a warrant. Other than bare legal conclusions, the motion offered no support for these assertions. Radder further alleged that Meyers lacked probable cause to arrest him for OWI-again offering little in the way of detail or factual support. Instead, the motion generally asserted that there were insufficient indicia of impairment-whether through Radder's driving or "behavior and demeanor." The motion also took aim at the administration of the field sobriety tests. The motion acknowledged that the walk-and-turn and one-leg-stand tests "may have some degree of general reliability," but averred that these tests were "improperly administered." The motion did not, however, give any details concerning how the tests were improperly administered. As to the HGN test, the motion asserted that the test is "inherently unreliable as it was improperly administered." The motion did not address the *757 specific factual allegations of impairment detailed in the complaint or Meyers' suspicion that Radder's registration was expired.
¶6 The State argued that the motion should be denied without a hearing on the grounds that it failed to "state with particularity" the grounds for the motion as required by WIS. STAT. § 971.30(2)(c). The circuit court agreed and denied the motion, explaining that "[t]he defense has chosen to file a boiler plate motion that fails to *185 state any factual basis for the motion or how the legal grounds apply to the case."
¶7 Radder filed a motion for reconsideration and an amended motion. The amended motion to suppress was largely identical to Radder's original motion supplemented with a few additional details. Regarding the initial stop, the motion maintained the generic assertion that Meyers had no "reasonable suspicion that [Radder] had committed any offense," now adding, "including the offense of expired registration." Regarding the OWI investigation and arrest, Radder's amended motion added that he was not accused of any moving violations and only admitted to drinking quantities of alcohol which would not cause impairment or a prohibited alcohol concentration. The amended motion reiterated the assertion that the field sobriety tests had been administered improperly, but now added that "the HGN Test is an inherently unreliable test."[3] The circuit court again denied the motion without a hearing. Radder sought leave to appeal, which we granted.[4]
*758 DISCUSSION
¶8 WISCONSIN STAT. § 971.30(2)(c) provides that all motions shall "[s]tate with particularity the grounds for the motion and the order or relief sought." This requirement to "[s]tate with particularity" applies to both pretrial and postconviction motions. See State v. Allen , 2004 WI 106, ¶10, 274 Wis. 2d 568, 682 N.W.2d 433. The underlying rationale for the particularity requirement is to provide notice to both the nonmoving party and the court "of the issues being raised by the defendant in order to fully argue and consider those issues." State v. Caban , 210 Wis. 2d 597, 605-06, 563 N.W.2d 501 (1997). Requiring particularity in a defendant's pretrial motion practice also conserves "scarce judicial resources by eliminating unnecessary evidentiary hearings when there may be no disputed facts requiring resolution, or when the facts would not warrant the relief sought even if proved." State v. Velez , 224 Wis. 2d 1, 12, 589 N.W.2d 9 (1999). This ensures that "the evidentiary hearing will serve as more than a discovery device." Id. Thus, a defendant is not entitled to an evidentiary hearing every time he or she makes a pretrial motion. Id. "An evidentiary hearing is necessary only if the party requesting the hearing raises a significant, disputed factual issue." Id. (quoting United States v. Sophie , 900 F.2d 1064, 1070 (7th Cir. 1990) ).
*759 ¶9 Radder argues that his amended motion was sufficiently particular to require an evidentiary hearing. Although he concedes that WIS. STAT. § 971.30(2)(c) requires his motion to "[s]tate with particularity the grounds for the motion and the order or relief sought," he maintains that the pleading standard is different for motions bringing Fourth Amendment challenges because the State bears the burden to show that a warrantless search or seizure was reasonable. He claims that the pleading standards set forth in Velez are inapplicable because "the particularity required of defendants where the state has *186 the burden is lower" than that outlined in Velez , a case where the defendant had the burden of proof. Instead, in Fourth Amendment cases where the State bears the burden of proof at a suppression hearing, he claims that "the motion need only allege that the stop, detention, and arrest were without a warrant, and without reasonable suspicion for the initial stop or probable cause that the defendant had committed any offense." We disagree. Radder must satisfy the same pleading standard applicable in all pretrial motions, and merely alleging that he was stopped and arrested without a warrant does not cut it.
A. Pleading Standards for Pretrial Motion to Suppress
¶10 In Velez , our supreme court clarified that the legal standards governing postconviction motions are largely applicable to pretrial motions as well. See Velez , 224 Wis. 2d at 13, 589 N.W.2d 9 ; see also Allen , 274 Wis. 2d 568, ¶11, 682 N.W.2d 433. The analysis for postconviction motions proceeds in two parts. Under these standards-notably defined in *760 Nelson v. State , 54 Wis. 2d 489, 195 N.W.2d 629 (1972), and State v. Bentley , 201 Wis. 2d 303, 548 N.W.2d 50 (1996) -if a defendant's motion "alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing." Velez , 224 Wis. 2d at 11, 589 N.W.2d 9 (citation omitted). This means alleging the "who, what, where, when, why, and how" to enable "reviewing courts to meaningfully assess a defendant's claim." Allen , 274 Wis. 2d 568, ¶23, 682 N.W.2d 433. Whether a motion alleges sufficient, nonconclusory facts to require an evidentiary hearing is a question of law we review de novo. Velez , 224 Wis. 2d at 18, 589 N.W.2d 9.
¶11 Second, if the "defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," then the circuit court has discretion to deny the motion without a hearing.[5] Bentley , 201 Wis. 2d at 309-10, 548 N.W.2d 50 (citation omitted); see also State v. Sulla , 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659. We review discretionary decisions under the deferential erroneous exercise of discretion standard. Sulla , 369 Wis. 2d 225, ¶23, 880 N.W.2d 659. A circuit court properly exercises its discretion if it examines the relevant facts, applies the proper legal standards, and engages in a rational decision-making process. Bentley , 201 Wis. 2d at 318, 548 N.W.2d 50.
¶12 In the context of pretrial motions, however, the Velez court recognized that "the Nelson standards are not, by themselves, sufficient to protect a defendant's *761 due process rights when he is bringing a motion prior to trial." Velez , 224 Wis. 2d at 13, 589 N.W.2d 9. The court noted the "inherent difficulties a defendant may have in developing the facts necessary to support a pretrial motion" in contrast to "the plentiful record often available to a defendant making a postconviction motion." Id. Accordingly, when assessing whether a hearing is required for a pretrial motion, the court adopted the safeguard we established in State v. Garner :
[A]lthough a defendant may be unable to allege sufficient specific facts to warrant relief, a trial court must provide the defendant the opportunity to develop the factual record where the motion, alleged *187 facts, inferences fairly drawn from the alleged facts, offers of proof, and defense counsel's legal theory satisfy the court of a reasonable possibility that an evidentiary hearing will establish the factual basis on which the defendant's motion may prevail.
Velez , 224 Wis. 2d at 13, 589 N.W.2d 9 (quoting State v. Garner , 207 Wis. 2d 520, 533, 558 N.W.2d 916 (Ct. App. 1996) ).
¶13 Thus, "[w]here there is a reasonable possibility that the defendant will establish the factual basis at an evidentiary hearing, the circuit court must 'provide the defendant the opportunity to develop the factual record.' " Velez , 224 Wis. 2d at 18, 589 N.W.2d 9 (quoting Garner , 207 Wis. 2d at 533, 558 N.W.2d 916 ). Although this additional safeguard may "generally" allow for a hearing in order to "develop the factual record," see Allen , 274 Wis. 2d 568, ¶11, 682 N.W.2d 433, "a defendant is not entitled to an evidentiary hearing simply to search for something based on nothing but hope or pure speculation." Garner , 207 Wis. 2d at 533-34, 558 N.W.2d 916. There must be a "reasonable possibility that the defendant will establish" the necessary *762 factual basis. Velez , 224 Wis. 2d at 18, 589 N.W.2d 9. Though couched partially in constitutional due process language, the Velez court explained that these protections in the pretrial context are added on to the second prong of the analysis as part of the circuit court's discretionary decision to deny a hearing. Id. at 17-18, 589 N.W.2d 9.
¶14 To bring this all together, our review of the failure to grant a hearing on a pretrial motion is as follows. First, we review de novo "[w]hether a defendant alleged facts sufficient to require an evidentiary hearing." Id. at 18, 589 N.W.2d 9. Second, where the motion does not allege sufficient facts, the circuit court-in its exercise of discretion-"must take into consideration the record, motion, counsel's arguments and offers of proof, and the law" to determine if "the record establishes no factual scenario or legal theory on which the defendant may prevail, and/or where the defendant holds only hope but articulates no factually-based good faith belief" that an evidentiary hearing will yield a sufficient factual basis for the motion. Id. (citation omitted).
¶15 With the reasoning of Velez in view, Radder's assertion that a different burden applies to his Fourth Amendment claim is incorrect. As an initial matter, he confuses the State's burden during a suppression hearing with his obligation to state the grounds for his motion with particularity. He is surely correct that the State bears the burden at a suppression hearing to prove that a warrantless seizure is constitutionally reasonable. See State v. Taylor , 60 Wis. 2d 506, 519, 210 N.W.2d 873 (1973). But a movant still bears the burden of demonstrating a need for an evidentiary hearing in the first place. An evidentiary hearing exists to expose and settle factual disputes, and *763 such a hearing is only warranted when a movant can, at the very least, show a reasonable possibility that a hearing is needed to allow the defendant to establish the necessary factual basis to succeed on the motion.
¶16 The real heart of Radder's argument is that simply by raising the burden-of-proof-shifting claim that a warrantless search has taken place, he in fact has stated enough to satisfy WIS. STAT. § 971.30. He is wrong. Our supreme court has explained,
The rationale underlying [ WIS. STAT. ] § 971.30 's particularity requirement is notice-notice to the nonmoving party and to the court of the specific issues being challenged by the movant. Both the opposing party and the circuit court *188 must have notice of the issues being raised by the defendant in order to fully argue and consider those issues. Neither the principle of notice, nor WIS. STAT. § 971.30 makes an exception for motions raising Fourth Amendment challenges.
Caban , 210 Wis. 2d at 605-06, 563 N.W.2d 501 (citations omitted). The fact that the State would bear the burden of proof at a hearing does not mean Radder simply gets to raise questions and put the State to its proof. Circuit courts do not need to hold evidentiary hearings on demand, even for Fourth Amendment claims. While it is true that neither Garner nor Velez specifically addressed pretrial Fourth Amendment claims, the rationale applies just the same. The court must guard its use of scarce judicial resources, and the State is entitled to notice of the factual disputes supporting a purported constitutional violation.[6] The court is under no obligation *764 to hold an evidentiary hearing if a defendant's motion presents nothing more than conclusory allegations and fails to show that there are any factual disputes that require a hearing. This is both practical and, in our view, the best reading of the applicable law set forth in Garner and Velez .[7]
B. Application
¶17 Our de novo review confirms that Radder has not pled his motion with sufficient particularity, and we affirm the circuit court's discretionary decision to deny the motion without a hearing.
1. Radder's Motion Was Not Sufficiently Particular Under WIS. STAT. § 971.30
¶18 Radder focuses much of his argument on the lack of a warrant authorizing the search and seizure of his person and vehicle. He argues such searches and seizures are unreasonable per se, and *765 thus, he is entitled to put the state to its proof at a hearing. Warrantless traffic stops, however, are constitutionally permissible so long as the officer had reasonable suspicion. See State v. Begicevic , 2004 WI App 57, ¶¶3, 5, 270 Wis. 2d 675, 678 N.W.2d 293. Likewise, if police have probable cause to make an arrest, they generally do not need a warrant. State v. Ferguson , 2009 WI 50, ¶17, 317 Wis. 2d 586, 767 N.W.2d 187. Fourth Amendment reasonableness, in this context, is established by reasonable suspicion and probable cause, respectively-not the presence or absence of a warrant. Radder is not entitled to a hearing merely by the conclusory statement that reasonable suspicion and probable cause are lacking. He must plead specific facts showing that a hearing is necessary to resolve a factual dispute. If Radder's position were accepted, every OWI defendant could needlessly slow circuit court dockets with fact-devoid conclusory motions alleging a warrantless stop *189 and arrest. Neither WIS. STAT. § 971.30 nor constitutional due process guarantees require such a waste of judicial resources. Merely alleging the absence of a warrant is not sufficiently particular to entitle Radder to an evidentiary hearing.
¶19 As to reasonable suspicion to stop the vehicle and detain him, Radder's original motion stated nothing more than a legal conclusion ("there was no reasonable suspicion that the defendant had committed any offense"). His amended motion, while adding a reference to the offense he was stopped for, is still nothing more than a legal conclusion. We are left to guess exactly why Radder thought that the officer lacked reasonable suspicion that his registration was expired. Was his registration still valid? Did Meyers mistakenly think his registration was expired? Or is Radder claiming something more nefarious, like *766 Meyers fabricating the grounds for the stop? This court and any court reviewing such a motion must, on the one hand, recognize that a pretrial movant is generally allowed to develop the factual record at a hearing, but on the other hand, need not grant a hearing as a discovery device. See Velez , 224 Wis. 2d at 12-13, 589 N.W.2d 9. Again, at the very least there must be a "reasonable possibility that the defendant will establish" the necessary factual basis; conclusory assertions will not suffice. Id. at 18, 589 N.W.2d 9. A statement that reasonable suspicion to stop the vehicle for any offense was lacking, including the one alleged in the complaint, does not tell the court or the State what is being challenged or what a factual hearing might show. It is, as the circuit court recognized, a boilerplate allegation with a fill-in-the-blank violation, and nothing more. We agree with the circuit court that this was not enough.
¶20 Whether Radder's amended motion was sufficiently particular with regard to challenging the probable cause for his arrest is a somewhat closer question. Radder's amended motion repeatedly invokes the mantra that there was "insufficient indicia of impairment to give rise to an inference that there was probable cause to arrest the defendant for an alcohol-related driving offense." Radder's motion also generally asserts that his "behavior and demeanor" did not indicate that he was impaired. But these as well are generic and conclusory legal assertions.
¶21 Beyond these perfunctory legal conclusions, the amended motion offers only the following specific allegations. First, the amended motion added the statement that Radder "was not accused of any moving violations." But the fact Radder was not accused of a moving violation has no bearing on whether there was reasonable suspicion to conduct the traffic *767 stop (expired registration is clearly enough under the law) or whether probable cause existed to arrest him. According to the complaint, Meyers arrested Radder based on his observations after the stop, not a moving violation. Thus, we discern no relevance to this factual averment.
¶22 The amended motion also took issue with the administration of the field sobriety tests. Radder's motion conceded that the walk-and-turn and one-leg-stand tests may "assist the officer's subjective determination of impairment" and "have some degree of general reliability," but claimed that the tests were improperly administered in this case. However, the motion does not explain how Meyers improperly administered the tests or why the other indicia of impairment (including a PBT showing a BAC above the legal limit, which the motion does not challenge) were insufficient to establish probable cause.[8]
*190 These statements express a conclusion, nothing more. While significant leeway to develop the record is merited in the pretrial context, Radder is not entitled to use an evidentiary hearing as a discovery device in the hopes that an in-court examination of Meyers will reveal that *768 the tests were improperly administered. See Velez , 224 Wis. 2d at 12, 589 N.W.2d 9.[9]
¶23 Finally, Radder's amended motion claims that the HGN test is "inherently unreliable." Though we have approved of decisions admitting testimony regarding the HGN test before, see, e.g. , State v. Zivcic , 229 Wis. 2d 119, 128, 598 N.W.2d 565 (Ct. App. 1999), Radder is certainly entitled to make this argument. However, Radder's amended motion brought up this argument in a single, conclusory statement citing to an article without explanation. More than a bare conclusion is required to demonstrate the necessity for a hearing. This would seem especially apt where a defendant seeks to challenge a test that has been and regularly is admitted in Wisconsin courts. It requires more than a one-sentence argument. Again, the basic principle is notice. Does Radder intend to have a battle of the experts, to challenge the underlying science, or some other challenge? The motion does not say. For these reasons, we conclude that Radder's motion failed to state sufficient facts to require an evidentiary hearing.
2. The Circuit Court Appropriately Exercised Its Discretion In Denying Radder's Motion Without a Hearing
¶24 Because Radder's amended motion failed to state sufficient facts, we review the circuit court's *769 decision to deny Radder's motion without a hearing for an erroneous exercise of discretion. Velez , 224 Wis. 2d at 18, 589 N.W.2d 9. Although the circuit court simply wrote "[d]enied" on the facsimile cover sheet for Radder's amended motion, it had already explained its reasons for denying Radder's substantially similar initial motion-the motion was "boiler plate" and "fail[ed] to state any factual basis for the motion or how the legal grounds cited apply to the case." These observations apply to the amended motion as well. At any rate, even if the circuit court fails to state its reasons for a discretionary decision on the record, "we are permitted to search the record for reasons to sustain" the decision. See Sulla , 369 Wis. 2d 225, ¶23, 880 N.W.2d 659. And we conclude that the circuit court appropriately exercised its discretion.
¶25 As we noted above, Radder's claim that the stop and detention were not supported by a warrant or reasonable suspicion was nothing more than a bare conclusion, and the circuit court reasonably denied a hearing on that issue. The claim *191 that Radder was arrested without probable cause articulated in the amended motion offered a bit more detail, but without alleging any factual dispute a hearing would resolve. As the circuit court seemingly recognized, the motion rested on what the Garner court called mere "hope or pure speculation" that grounds for suppression would be discovered. Garner , 207 Wis. 2d at 533-34, 558 N.W.2d 916. Thus, the court reasonably determined that Radder had failed to demonstrate "a reasonable possibility that an evidentiary hearing" would "establish the factual basis" for his claim that he was arrested without probable cause. See Velez , 224 Wis. 2d at 13, 589 N.W.2d 9 (quoting Garner , 207 Wis. 2d at 533, 558 N.W.2d 916 ). Given the perfunctory and conclusory nature of Radder's motion, the circuit court appropriately exercised its discretion to deny a hearing. *770 CONCLUSION
¶26 When defendants file a pretrial motion to suppress, the clear weight of our law suggests that an evidentiary hearing should ordinarily be held. The circuit court could have done so in this case. However, this was, as the circuit court recognized, a boilerplate motion full of legal conclusions that told neither the State nor the court what Radder intended to challenge and why. While significant leeway in the pretrial context should be afforded, it is not, and need not be, limitless. We conclude that the circuit court's line drawing here was not in error and affirm.
By the Court. -Order affirmed.

State v. Velez , 224 Wis. 2d 1, 12, 589 N.W.2d 9 (1999).

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The motion also added language stating that "[t]he necessary conditions for administering the standardized field sobriety tests were absent in this case," the tests were "improperly scored," and the HGN test was "administered under improper conditions." However, just like the original motion, the amended motion failed to explain what "necessary conditions" were absent, how the tests were improperly scored, or how the testing conditions were "improper."

The appeal was originally assigned to one judge pursuant to Wis. Stat. § 752.31(2) but was subsequently converted to a three-judge panel on our own motion. See Wis. Stat. Rule § 809.41(3).

Like the question of whether a motion states sufficient facts, whether the record conclusively demonstrates that the defendant is not entitled to relief is a question of law we review de novo. State v. Sulla , 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659.

The concurrence disagrees "that the guarding of 'scarce judicial resources' is a justifiable reason for denying an evidentiary hearing." Concurrence, ¶32. This value is not one of our own invention, however. It comes straight from Velez , verbatim. Moreover, nothing in our opinion should be taken as an invitation for judges to skimp on a hearing when the requisite pleading standard has been met. The guarding of scarce judicial resources only applies as a value when a party does not hold up his or her end of the bargain by providing the court and opposing party notice of what they actually wish to challenge. Seen in this light, this is nothing more than common sense and no threat to defendants wishing to exercise their constitutional rights.

Radder cites to cases from other jurisdictions to bolster his claim that defendants should be able to proceed to a hearing merely by alleging that a warrantless search or seizure has occurred. To the extent these authorities support his argument, we are nevertheless bound by Velez , which in our view, clearly applies to his motion. Velez , 224 Wis. 2d at 12, 589 N.W.2d 9.

Radder's amended motion additionally asserted that even though he was "accused of smelling of intoxicants," there simply cannot be probable cause because he only admitted to drinking alcohol in "quantities which would not cause impairment or a prohibited alcohol concentration." The motion did not specify what quantity Radder admitted to drinking, but we presume it is the two "Jack and Coke[s] and one shot" reflected in the complaint. But this raises no dispute about the amount of alcohol Radder admitted to drinking, and hence fails to raise a factual dispute that would require a hearing to resolve. It is in the nature of an argument, and not a particularly persuasive one at that. Radder's admission to only moderate drinking-a contention nowhere contested by the State-does not raise a relevant factual dispute that a hearing would help resolve.

In his supplemental reply brief to this court, Radder offers a more specific argument that the field sobriety tests were improperly administered based on the factual allegations in the complaint. However, he did not include such details in his motion or amended motion, nor did he make these arguments before the circuit court. So we need not consider whether these new allegations are sufficiently particular to require an evidentiary hearing.