COURT OF APPEALS
DECISION
DATED AND FILED

August 28, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1058-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF860

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

　PLAINTIFF-RESPONDENT,

V.

JAMIE P. POOLE,

　DEFENDANT-APPELLANT.

---

　　　　APPEAL from a judgment of the circuit court for Fond du Lac County: PETER L. GRIMM, Judge. *Reversed and cause remanded for further proceedings with directions*.

　　　　Before Neubauer, Grogan and Lazar, JJ.

　　　　**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Jamie P. Poole appeals a judgment of conviction entered upon his guilty pleas to two felony possession-of-drug offenses.  He argues the circuit court erred by denying his suppression motion after concluding that no constitutional seizure occurred when a police officer parked his squad car behind Poole's vehicle such that Poole could not leave and illuminated Poole's vehicle with the squad's spotlight.  He also argues that the stop was not constitutionally permissible.  We reverse and remand for further proceedings with directions to grant the suppression motion.[1]

## BACKGROUND

¶2     In the early morning hours of December 7, 2020, a Fond du Lac County Sheriff's Department patrol deputy discovered Poole's vehicle legally parked in a parking area at the trailhead to a piece of public land often used for hiking.  The vehicle was running, and the headlights were off.  The deputy found this unusual.  In the previous month or so of patrols, he had not seen a vehicle parked there during his shift.  The deputy acknowledged that there was nothing suspicious about the vehicle itself.  However, he testified it was not "uncommon to have parking areas like that throughout the county … where people park and walk and try to burglarize homes or do illegal activities."

---

[1] Poole's brief-in-chief cites only to his appendix in violation of WIS. STAT. RULE 809.19(1)(d) and (e) (2021-22), which requires that the statement of the case and argument be supported by appropriate references to the appellate record.  We admonish Poole's appellate counsel that future violations of the Rules of Appellate Procedure may result in sanctions.  *See* WIS. STAT. RULE 809.83(2) (2021-22).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3      The deputy decided to investigate further.  He parked his squad car behind Poole's vehicle such that he was blocking the rear passenger corner.  This effectively trapped Poole's vehicle: Poole could not pull his vehicle forward because there was a fence surrounding the parking area, and Poole testified he likely would have hit the squad car if he tried to back up.  The deputy then illuminated Poole's vehicle with the squad's headlights and with a spotlight.

¶4      The deputy approached Poole's vehicle and identified himself as a sheriff's deputy.  He could see that the two front seats were occupied, and he asked the individuals what they were doing.  Poole, the driver, responded that they were just talking.  The deputy asked for identification, which both occupants provided.  Ultimately, the passenger was taken into custody on an active warrant, and police seized some narcotics, which Poole claimed ownership of.

¶5      Poole filed a motion to suppress the evidence derived from the stop, alleging he was unlawfully detained.  Following an evidentiary hearing at which the deputy and Poole testified, the circuit court made findings of fact consistent with the facts described above.  The court determined the detention was supported by reasonable suspicion, emphasizing the rural nature of the area, the time of the morning, the deputy's testimony that he had not previously seen anyone there, and the "officer's suspicions or concerns that there was crime, whether burglary or other crimes."  Though it was not argued by the parties, the court also stated it was a "wise decision by the officer under [the police] community caretaking [function] to check on the [vehicle] occupants, make sure they're not passed out from noxious fumes from the car, and to make sure they weren't overdosed."[2]  Poole

---

[2] The State's brief has abandoned any reliance on the community caretaker doctrine to justify the seizure.

then entered guilty pleas to the two possession offenses pursuant to a plea agreement with the State. He now challenges the suppression ruling pursuant to WIS. STAT. § 971.31(10).

## DISCUSSION

¶6 Whether evidence should be suppressed is a question of constitutional fact. *State v. VanBeek*, 2021 WI 51, ¶22, 397 Wis. 2d 311, 960 N.W.2d 32. "[W]e uphold a circuit court's findings of historic fact unless they are clearly erroneous." *Id.* However, we independently determine whether the facts known at the time of the seizure justified the government intrusion. *Id.*

¶7 The parties first dispute when the seizure occurred. The State argues Poole and his passenger were first seized when the deputy withheld their proof of identification while awaiting backup on the outstanding warrant. On the other hand, Poole argues he was seized when the deputy positioned his squad car behind his vehicle in a way that prevented Poole from leaving without striking the deputy's car.

¶8 A seizure occurs when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *County of Grant v. Vogt*, 2014 WI 76, ¶20, 356 Wis. 2d 343, 850 N.W.2d 243 (citing *United States v. Mendenhall*, 446 U.S. 544, 552 (1980)). The operative test is whether a reasonable person under the circumstances would have believed that he or she was not free to leave. *Id.*, ¶24.

¶9 We conclude Poole was seized the moment the deputy parked behind him and illuminated his vehicle with a spotlight. The State's argument emphasizes the deputy's use of the spotlight, citing *State v. Young*, 2006 WI 98,

¶65 n.18, 294 Wis. 2d 1, 717 N.W.2d 729, for the proposition that the use of a spotlight is not a show of authority sufficient to effect a seizure. But *Young* was very clear that the use of a spotlight in conjunction with other displays of authority may constitute a seizure, *id.*, ¶65, and here, the deputy also prevented Poole from leaving by placing his squad car within Poole's only available path of departure. *See State v. Harris*, 206 Wis. 2d 243, 247, 258-59, 557 N.W.2d 245 (1996) (holding seizure occurred when officers blocked car with their own vehicle).

¶10 The State rather incredibly asserts that no seizure occurred because Poole only *thought* he would hit the squad car if he tried to leave. The State suggests that maybe Poole was wrong and that he could have performed some undescribed vehicular maneuver to avoid the squad car that the deputy had placed directly in the exit path of Poole's vehicle.

¶11 At a suppression hearing, the State bears the burden to prove that a warrantless seizure is constitutionally reasonable. *State v. Radder*, 2018 WI App 36, ¶15, 382 Wis. 2d 749, 915 N.W.2d 180. If the State wanted to rely on *Vogt*, 356 Wis. 2d 343, ¶42, it was incumbent upon the State to prove at the suppression hearing that there was an avenue by which Poole could have actually left the scene. It did not do so, and the circuit court's finding that Poole would have hit the squad car had he tried to leave is not clearly erroneous.

¶12 We next turn to whether the seizure comports with the constitutional prohibition on unreasonable searches and seizures. *See* U.S. CONST. art. IV. An investigatory stop comports with the Fourth Amendment if the police have reasonable suspicion that a crime has been committed, is being committed, or is about to be committed. *State v. Genous*, 2021 WI 50, ¶7, 397 Wis. 2d 293, 961

N.W.2d 41. Whether law enforcement would reasonably suspect that criminal activity is afoot is assessed based on the totality of the circumstances. *Id.*, ¶9.

¶13 The State's argument that the deputy here possessed reasonable suspicion fails because the State can point to no "specific and articulable facts" suggesting that anyone in Poole's vehicle was up to anything nefarious. *See id.*, ¶8. The State is correct that the time and location at which the deputy observed Poole's vehicle is relevant to the analysis. *See State v. Matthews*, 2011 WI App 92, ¶11, 334 Wis. 2d 455, 799 N.W.2d 911. The deputy's perceived oddity of a car lawfully parked in a public area during early morning hours hardly suffices as reasonable suspicion of criminal conduct, though. Indeed, even a person's presence in a "high crime" area—which nothing suggests this was—adds nothing to reasonable suspicion absent other factors suggesting criminal behavior. *See State v. Gordon*, 2014 WI App 44, ¶15, 353 Wis. 2d 468, 846 N.W.2d 483.

¶14 The States suggests that something else was present in this case: the deputy's knowledge that, in the State's words, "some stealthy criminals left their cars in similar areas before burglarizing nearby homes or engaging in other unlawful activity." This argument is unconvincing. As Poole explains, there was no evidence of recent burglaries in the area and no reports of suspicious persons or burglaries that evening. The State did not even establish at the suppression hearing that there were feasible burglary targets within walking distance of the trailhead—the circuit court described the area as "highly rural."

¶15 Considering the totality of the circumstances, the deputy lacked specific and articulable facts objectively suggesting that Poole or anyone else in the vehicle was engaged in anything unlawful. The deputy was operating merely

on a hunch, which is insufficient for Fourth Amendment purposes. *See **Genous***, 397 Wis. 2d 293, ¶8.

*By the Court.*—Judgment reversed and cause remanded for further proceedings with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.