**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**February 4, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No.     2024AP2481-CR**

Cir. Ct. No. 2019CF1477

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

ALSHERIFFE MIRE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Affirmed*.

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

¶1     GUNDRUM, J. Alsheriffe Mire appeals from a judgment of conviction, on his guilty plea, for attempting to flee or elude an officer. He contends the circuit court erred in denying his motion to suppress evidence without conducting an evidentiary hearing. For the following reasons, we affirm.

**BACKGROUND**

¶2      The relevant facts, as stated in the criminal complaint, are as follows. Deputies with the Racine County Sheriffs Department initiated a traffic stop of Mire for speeding at around 1:00 a.m.  After speaking with Mire and returning to his squad to complete a citation for that offense, one of the deputies again approached Mire's vehicle, along with another deputy.  The first deputy informed Mire that he would be issuing a citation for speeding and asked Mire to exit the vehicle so he could explain the citation in front of the squad.  Mire refused to exit.  The second deputy explained to Mire that he was required to exit, but Mire continued to resist and eventually drove off at a high rate of speed.  The deputies pursued him for nearly three miles before terminating the pursuit.  The first deputy estimated that during the pursuit Mire reached a speed of "approximately 135/140 mph" while passing other vehicles in heavy rain.

¶3      Related to Mire's abrupt departure from the scene and disturbing driving thereafter, Mire was charged with second degree recklessly endangering safety, attempting to flee or elude an officer, obstructing an officer, and disorderly conduct.  Claiming the traffic stop was unlawfully extended in violation of his constitutional rights, Mire filed a motion to suppress "the evidence gathered in the present matter resulting from an illegal detention" as well as "all derivative evidence."  Based upon statements purportedly made by deputies and captured on their body cameras, Mire asserted in his motion that the deputies had no reasonable suspicion of any violation of the law other than speeding; no deputy "was … working on completing the citation for the initial stop"; deputies asked Mire to step out of the vehicle "explicitly for investigative purposes, not because of a concern for officer safety"; and the deputies "had effectively executed [their] investigation

2

of speeding, and [were] explicitly removing Mr. Mire … from his vehicle to pursue an entirely distinct investigation—to run a canine unit around his vehicle."

¶4    The circuit court denied Mire's suppression motion without conducting an evidentiary hearing, concluding that even if the traffic stop had been unlawfully extended, "that does not give [Mire] the legal right to flee the police." Mire subsequently pled to attempting to flee or elude an officer, with the remaining counts being dismissed and read in. The court sentenced Mire, and he now appeals.

## DISCUSSION

¶5    Mire contends the circuit court erred in denying his motion without affording him an evidentiary hearing. He claims the court "was incorrect that <u>if</u> it found that the stop was unreasonably extended, it could not suppress any evidence that occurred during or thereafter of flight from the police resulting from this unlawful police conduct." We conclude the court did not err.

¶6    A circuit court has the discretion to deny a pre-trial motion without an evidentiary hearing "if the record conclusively demonstrates that the defendant is not entitled to relief." **State v. Radder**, 2018 WI App 36, ¶11, 382 Wis. 2d 749, 915 N.W.2d 180 (quoting **State v. Bentley**, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996)). Whether the record conclusively demonstrates this is a matter of law we review independently. **Radder**, 382 Wis. 2d 749, ¶11 n.5.

¶7    Mire appears to be under the mistaken belief that he had carte blanche authority to use any criminal means he wished in order to "escape" from the traffic stop once—if—law enforcement crossed over the line from a lawful detention to an unlawful one. That is not the law. Our decision in **State v. Bourgeois**, 2022 WI App 18, 401 Wis. 2d 489, 973 N.W.2d 818, provides helpful guidance on this point.

3

¶8      In ***Bourgeois***, Bourgeois was charged with nine criminal counts stemming from law enforcement's search of his hotel room, which led to the discovery of a handgun Bourgeois had stolen and to a related theft charge, and officers' subsequent interaction with him at his residence later in the day, which led to a charge of threatening a law enforcement officer. ***Id.***, ¶2. Bourgeois moved to suppress all evidence discovered from the search of his hotel room as well as "any subsequent evidence derived therefrom." ***Id.*** Following the circuit court's denial of the motion, Bourgeois was convicted at trial of the theft and the threatening-a-law-enforcement-officer charges and was acquitted on the other seven charges. ***Id.***

¶9      On appeal, Bourgeois challenged both convictions on the basis that the circuit court erred in denying his suppression motion. ***Id.***, ¶¶2-3. We agreed the court erred in declining to suppress evidence discovered during the unlawful search of Bourgeois's hotel room, and we vacated the theft conviction related to the gun discovered in the room. ***Id.***, ¶4. We concluded, however, that the court did not err in declining to suppress evidence related to the threatening-a-law-enforcement-officer conviction. ***Id.***

¶10     In so concluding, we recognized that "the exclusionary rule of suppressing evidence obtained through an illegal search or seizure 'applies not only to primary evidence seized during an unlawful search, but also to derivative evidence acquired as a result of the illegal search.'" ***Bourgeois***, 401 Wis. 2d 489, ¶29 (quoting ***State v. Carroll***, 2010 WI 8, ¶19, 322 Wis. 2d 299, 778 N.W.2d 1). We determined, however, that "the evidence underpinning the threatening-a-law-enforcement-officer conviction … [was] not 'derivative evidence acquired as a result of the illegal search' of Bourgeois's hotel room." ***Bourgeois***, 401 Wis. 2d 489, ¶29 (quoting ***Carroll***, 322 Wis. 2d 299, ¶19). We noted that "Black's Law Dictionary defines derivative evidence as '[e]vidence that is later *discovered by*

*using* evidence that was illegally obtained.'" ***Bourgeois***, 401 Wis. 2d 489, ¶30 (alteration in original) (quoting *derivative evidence*, BLACK'S LAW DICTIONARY (10th ed. 2014)).  We observed that

> [i]n this case, law enforcement did not "use" the handgun or any other evidence seized from Bourgeois's hotel room to "discover" the evidence related to the threatening-a-law-enforcement-officer charge.  Rather, Bourgeois created new criminal evidence when he committed this new crime against [the officer] separate from the unlawful entry into Bourgeois's hotel room.

***Bourgeois***, 401 Wis. 2d 489, ¶30.

¶11     The present case is similar.  With his motion, Mire sought to suppress all evidence resulting from law enforcement's allegedly unlawful extension of the traffic stop, including "all derivative evidence."  But, the evidence underpinning the charges of second-degree recklessly endangering safety, attempting to flee and elude an officer, obstruction of an officer, and disorderly conduct is neither "primary evidence" seized during the allegedly unlawful detention nor "derivative evidence acquired as a result of" the detention.  *See id.*, ¶29.  "[L]aw enforcement did not 'use' [evidence from the allegedly unlawful detention] to 'discover' the evidence related to" second-degree recklessly endangering safety, attempting to flee and elude police, obstructing an officer, or disorderly conduct.  *See id.*, ¶30.  "Rather, [Mire] created new criminal evidence when he committed th[ese] new crime[s] … separate from" the allegedly unlawful detention.  *See **id.***

¶12     For the foregoing reasons, we conclude the circuit court had the discretion to deny Mire's motion without a hearing because "the record conclusively demonstrates that [Mire] is not entitled to relief."  *See **Radder***, 382 Wis. 2d 749, ¶11 (quoting ***Bentley***, 201 Wis. 2d at 309-10).  Mire has not developed any arguments related to the court's exercise of its discretion, and it is not within our

role to make such arguments for him.  *See **Doe 1 v. Madison Metro. Sch. Dist.***, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (stating that appellate courts "do not step out of [their] neutral role to develop or construct arguments for parties" (citation omitted)).

*By the Court.*—Judgment affirmed.

Recommended for publication in the official reports.